UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER P. ORE, <br><br> Plaintiff, <br><br> v. <br><br> TEKAY RAMON DORSEY, <br><br> Defendant. | Case No. 26-cv-00580-AMO <br><br> **ORDER DENYING EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION FOR ORDER TO SHOW CAUSE & MOTION TO COMPEL IDENTIFICATION OF PROPERTY CUSTODIAN** <br><br> Re: Dkt. Nos. 9, 10 |

On February 17, 2026, Plaintiff Christopher P. Ore, representing himself, filed an "emergency motion for order to show cause and motion to compel identification of property custodian, case number, and criminal proceeding logistics (arrest of January 26, 2026)" ("motion for an order to show cause"). Dkt. No. 10. On February 18, 2026, Ore filed an "emergency ex parte motion for temporary restraining order and order to show cause re: preliminary injunction" ("TRO"). Dkt. No. 9. Having reviewed Ore's motions and the arguments made therein, as well as the relevant legal authority, the Court DENIES the motions for the following reasons.

Ore filed suit against Supervisory Deputy United States Marshal Tekay Ramon Dorsey on January 20, 2026. *See* Dkt. No. 1. He alleges that Dorsey unlawfully detained and interrogated him and deprived him of his property. Dkt. No. 1 at 1. On January 26, 2026, Ore filed an ex parte motion for a temporary restraining order. Dkt. No. 3. On January 27, 2026, the Court denied Ore's motion for a temporary restraining order without prejudice because Ore did not give notice to Dorsey nor provide any reasons why notice should not be required. Dkt. No. 6.

On February 3, 2026, Ore filed a "motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g)." Dkt. No. 7. On February 17, 2026, the Court denied Ore's motion

because he had not yet served Dorsey and "caution[ed] Ore that any further motions filed with the Court will be similarly denied unless Ore complies with the Civil Local Rules, as well as the Federal Rules of Civil Procedure." Dkt. No. 8 at 2.

In both motions currently before the Court, Ore avers that he should be exempt from the general service requirement. In his TRO, Ore stated that he could not serve Dorsey because he does not have access to his iPhone, which Dorsey allegedly confiscated, and because Dorsey "is a federal officer who has already issued threats and surveillance intimidation." Dkt. No. 9 at 4, 8. Ore contends that, under these circumstances, it is not realistic to require service and that service "would increase the risk of retaliation, escalation, or evidence manipulation." *Id.* at 8. In support of this argument, Ore cites to *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423 (1974). But *Granny Goose* discusses the appropriate duration of temporary restraining orders; it does not discuss when a movant is exempt from serving an opposing party. *See id.*

To issue a TRO without notice being provided to the opposing party, Federal Rule of Civil Procedure 65(b)(1) requires that the moving party present the court with "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"[1] Ore did not file an affidavit in support of his TRO, nor has he filed a verified complaint, nor has he provided the Court with specific facts that immediate or irreparable injury, loss, or damage will result before providing Defendant an opportunity to be heard. Therefore, under Federal Rule of Civil Procedure 65(b)(1), the Court cannot issue an ex parte TRO. Thus, the Court DENIES Ore's motion for an ex parte TRO.

In his motion for an order to show cause, Ore contends that "there is no practicable way for Plaintiff to effect service through ordinary means because Plaintiff's access to PACER and the Case Management / Electronic Case Filing ("CM/ECF") System is presently dependent upon two-factor authentication requiring access to Plaintiff's seized iPhone." Dkt. No. 10 at 6. As the Court

---

[1] The Court notified Ore of this requirement in its previous order denying Ore's first motion for an ex parte TRO. *See* Dkt. No. 6 at 1.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

previously stated, a party may file a motion without notice to an opposing party "only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought." Civil L.R. 7-10. Because Ore's motion for an order to show cause does not comply with this rule, the motion is DENIED.

The Court again cautions Ore that any further motions filed with the Court will be similarly denied unless Ore complies with the Civil Local Rules, as well as the Federal Rules of Civil Procedure.

The Court notifies Ore that resources are available for parties who are representing themselves in the Northern District of California. The Court encourages all self-represented litigants to consult with the Federal Pro Bono Project (sometimes also called the Legal Help Center), though this is optional. To schedule an appointment with the Legal Help Center, email fedpro@sfbar.org or call (415) 782-8982. The Northern District of California website also has various resources available, including a Pro Se Handbook about how to represent oneself in court. These resources are available online at: https://www.cand.uscourts.gov/pro-se-litigants/. Relevant here, Chapter 8 of the Handbook explains the rules for serving documents on defendants in a lawsuit.

**IT IS SO ORDERED.**

Dated: February 24, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3